**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

GREGORY BAUCUM,     )
             )
    Plaintiff,    )  Case No. 2:23-1790
             )
  v.         )
             )  Magistrate Judge Patricia L. Dodge
WESTMORELAND COUNTY   )
DISTRICT ATTORNEYS OFFICE, et al. )
             )
    Defendants.   )

**<u>MEMORANDUM</u>**[1]

For the following reasons, the Court will dismiss this case with prejudice for failure to prosecute.

## I. **Relevant Background**

Plaintiff, Gregory Baucum, is proceeding *pro se* in this civil rights action, which he filed when he was housed at the Westmoreland County Prison. (ECF 1, 3, 13.) In the Amended Complaint (ECF 13), which is the operative pleading, Baucum asserts various claims against the Defendants under 42 U.S.C. § 1983 and state law related to his prosecution in the Court of Common Pleas of Westmoreland County on charges of intimidation of a victim/witness and related crimes. The Defendants are the Westmoreland County District Attorney, Assistant District Attorney Anthony Iannamorelli, Detective Raymond Dupilka (collectively, the "County Defendants"), and Attorney Matthew Schimizzi.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case. Thus, the undersigned has the authority to decide dispositive motions and enter final judgment.

On December 24, 2025, the County Defendants filed a motion to dismiss the claims asserted against them in the Amended Complaint. (ECF 41.) The Court then issued an order directing Baucum to respond to their motion by February 2, 2026. (ECF 43.)

On January 23, 2026, Defendant Schimizzi filed a motion to dismiss the claims asserted against him in the Amended Complaint. (ECF 46.) The Court then issued an order directing Baucum to respond to this motion by March 2, 2026. (ECF 48.)

The Court mailed each response order to Baucum at his address of record at the Westmoreland County Prison. Each order was returned as undeliverable because Baucum was released from the prison on September 30, 2025 and provided no forwarding address. Baucum has not updated his address of record in this case, nor has he communicated with the Court in any manner since around September 22, 2025, which was before his release from prison. (ECF 16.) Thus, Baucum has not complied with the Court's orders to file responses to the motions to dismiss, and it appears that he has abandoned his prosecution of this case.

## II.    Discussion

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim, and under this Rule, a district court can dismiss an action *sua sponte* if a litigant fails to prosecute or to comply with a court order. *See, e.g.*, *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 871 (3d Cir. 1994). In *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted).

There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to weigh in favor of dismissal before dismissal is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

The first and fourth *Poulis* factors—the extent of Baucum's personal responsibility and whether his conduct is willful—each weigh heavily in favor of dismissal. Baucum is proceeding *pro se* and is solely responsible for his own conduct. *See, e.g.*, *Emerson v. Thiel Coll.,* 296 F.3d 184, 190 (3d Cir. 2002); *Winston v. Lindsey*, No. 1:09-cv-224, 2011 WL 6000991, *2 (W.D. Pa. Nov. 30, 2011). Since around September 22, 2025, Baucum has failed to provide the Court with a current and deliverable address. Nor has he communicated with the Court in any manner since that date. Under the circumstances, the Court must conclude that Baucum's decision not to provide the Court with a deliverable address, communicate with the Court, or comply with Court orders is intentional. *See, e.g.*, *Quadr v. Overmyer*, 642 F. App'x 100, 103 (3d Cir. 2016) (the district court correctly concluded that the plaintiff's actions were willful when he would not accept mail from the court, failed to respond to a motion to dismiss, and repeatedly missed deadlines).

The second *Poulis* factor assesses whether the adverse party has suffered prejudice because of the dilatory party's behavior. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable

3

burdens or costs imposed on the opposing party.'" *Adams*, 29 F.3d at 874 (quoting *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984)). Although this factor does not weigh heavily in favor of dismissal at this time, it is not neutral either. Baucum's failure to respond to the pending motions to dismiss frustrates and delays resolution of his claims against Defendants. *See Mack v. United States*, 2019 WL 1302626, *1 (M.D. Pa. Mar. 21, 2019) (plaintiff's continued failure to communicate with the district court and inaction "clearly prejudices the Defendants who seek a timely resolution of the case.") Thus, this factor weighs moderately in favor of dismissal.

The third *Poulis* factor considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams*, 29 F.3d at 874. "A party's problematic acts must be evaluated in light of its behavior over the life of the case[,]" *id.* at 875 and, typically, "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness.'" *Briscoe*, 538 F.3d at 261 (citing *Scarborough*, 747 F.2d at 875, and *Donnelly v. Johns-Manvill Sales Corp.*, 677 F.2d 339, 343 (3d Cir. 1982)). Here, Baucum has twice failed to respond to court orders directing him to take certain action, and has not communicated with the Court since around September 22, 2025. Thus, this factor weighs in favor of dismissal.

The fifth *Poulis* factor requires the Court to consider the effectiveness of sanctions other than dismissal. Under the circumstances presented here, in which Baucum does not comply with Court orders, no longer communicates with the Court and appears to have abandoned the litigation, alternative sanctions would not be effective. *Bowie v. Perry*, No. 1:19-cv-13, 2019 WL 2412488, *2 (W.D. Pa. May 13, 2019) ("alternative sanctions are unlikely to be effective against a party who refuses to communicate with the Court."), report and recommendation adopted by, 2019 WL 2410796 (W.D. Pa. July 7, 2019). As such, this factor weights in favor of dismissal.

When evaluating the sixth *Poulis* factor, the Court is to consider the potential merits of Baucum's claims. As the Court has noted, none of the *Poulis* factors are dispositive and not all of them need to be met for a district court to find that dismissal is warranted. Thus, given that the other *Poulis* factors weigh in favor of dismissal, even if the Court were to assume without deciding that at least some of Baucum's claims have merit at this early stage of the litigation, that would not preclude the Court from dismissing this case under the circumstances for failure to prosecute.

## III.    Conclusion

In conclusion, at least five of the six *Poulis* factors weigh in favor of dismissal. The Court cannot properly control its docket, move this action forward, and properly protect the rights of all parties if Baucum fails to comply with Court orders and stops communicating with the Court altogether. He has consistently done all of those things. Therefore, the Court will dismiss this civil action with prejudice for failure to prosecute, dismiss as moot Defendants' motions to dismiss (ECF 41, 46) and close this case.

An appropriate Order follows.

BY THE COURT:

March 25, 2026

s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge

5